UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER HARRIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | IP 98-CR-121-03-H/F |
| | ) | 1:08-cv-1315-DFH-TAB |
| UNITED STATES OF AMERICA, | ) | |

**Entry Discussing "Motion to Discharge,
Satisfy and Release Judgment Lien"**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Christopher Harris ("Harris") seeking relief from the final judgment in No. IP 98-CR-121-03-H/F through his "motion to discharge, satisfy and release judgment lien" fails this test and the action must therefore be dismissed. This conclusion rests on the following facts and circumstances:

1. Drug charges against Harris were resolved through the entry and acceptance of a plea agreement between Harris and the United States. Harris faced a guideline sentence of 360 months to life. The government agreed to recommend a sentence of 300 months as a downward departure based on his substantial assistance. One provision of the agreement provided that Harris waived what would otherwise be his right to appeal and to seek collateral relief pursuant to 28 U.S.C. § 2255, as long as the court accepted the recommendation of a 300-month sentence. The court did so.

2. In the motion referred to above, Harris' "motion to discharge, satisfy and release judgment lien," Harris contends that the judgment imposed in No. IP 98-CR-121-03-H/F has been satisfied and is void. Describing his conviction as a "debt," and citing provisions of the Uniform Commercial Code and language of Rule 60(b) of the *Federal Rules of Civil Procedure*, Harris seeks his immediate release.

3. The use of obtuse and inapt language in the foregoing does not disguise the fact that through this document Harris seeks to "extinguish" the penalties imposed as the sentence in IP 98-CR-121-03-H/F. This effort thus constitutes a "claim" as referred to in *Gonzalez v. Crosby,* 125 S. Ct. 2641 (2005)–a "claim" being an objection to the validity of the criminal conviction or sentence. The consequence of this is, regardless of the label the defendant has used, that his "offer of performance" must be treated as a motion for relief pursuant to 28 U.S.C. § 2255. *United States v. Scott,* 414 F.3d 815, 817 (7th Cir. 2005).

4.     In this instance, Harris has already sought relief pursuant to § 2255 in the civil action docketed as No. 1:05-cv-963-DFH-TAB. That motion was denied in a Judgment entered on the clerk's docket on September 6, 2005.

5.     When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, (7th Cir. 2000). The disposition of the prior § 2255 action was an adjudication "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).Paragraph 8 of Section 2255 begins: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." The "motion" to which this language refers must be the kind of motion described by § 2255 ¶ 1--one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Valona v. United States,* 138 F.3d 693 (7th Cir. 1998).

6.     This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)) (opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999)). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'"

7.     With the prior § 2255 action having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court*. Harris' "motion for declaratory judgment, etc." (dkt 5) is denied for the same reasons, and judgment dismissing this action for lack of jurisdiction shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   10/17/2008